UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONELIO ROBLES GARCIA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06671-DAD-AC<br><br><u>ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On August 21, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

Later the same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On August 25, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) but acknowledged that in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Ninth Circuit held that § 1226(a) governs petitioner's detention. (*Id.* at 1.) Respondent contends that petitioner is therefore merely entitled to seek a custody redetermination. (*Id.*) Respondent concedes that this case does not substantially differ from those cases cited in the court's minute order. (*Id.*) Respondent does not object to the court deciding this case on the merits, and the court will do so. Respondent also attaches documentation to their opposition, which indicates that petitioner was previously detained by immigration authorities and released on his own recognizance. (*Id.* at 9, 14.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Onelio Robles Garcia, A-File No. 245-741-982, from respondent's custody on the same conditions he was subject to prior to his recent re-detention;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration

/////

judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE